**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DONALD TITSWORTH and GREGORY BLACKFORD, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. |
| AXCESS RECOVERY and CREDIT SOLUTIONS, INC. | § § § § | |
| Defendants. | § | |

**PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**

DONALD TITSWORTH and GREGORY BLACKFORD (Plaintiffs), through their attorneys, KROHN & MOSS, LTD., allege the following against AXCESS RECOVERY and CREDIT SOLUTIONS, INC., (Defendants):

**INTRODUCTION**

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendants conduct business in the state of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiffs are natural persons residing in Cedar Hill, Dallas County, Texas.

7. Plaintiffs are consumers as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendants, Plaintiffs allegedly owe a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendants are debt collectors as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiffs.

9. Defendants are national debt collection companies and conduct business in Texas.

## FACTUAL ALLEGATIONS

10. In August 2010, Defendants began calling Plaintiffs seeking and demanding payment for a Check N Go debt.

11. Defendants' places two (2) to three (3) collection calls per day, Monday through Friday, seeking and demanding payment of a debt.

12. Defendants threatened Plaintiffs to "go ahead with charges" if Plaintiffs did not pay the alleged debt and told Plaintiffs that they had a "docket number" for their case.

13. Defendants called Plaintiffs from 800-284-0149.

14. Defendants contacted Plaintiffs at XXX-XXX-6793.

## COUNT I
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendants violated the FDCPA based on the following:

   a. Defendants violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

    b. Defendants violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiffs.

    c. Defendants violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiffs even though Defendants does not intend to do so.

    d. Defendants violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiffs even though Defendants does not intend to do so.

WHEREFORE, Plaintiffs, DONALD TITSWORTH and GREGORY BLACKFORD, respectfully request judgment be entered against Defendants, AXCESS RECOVERY and CREDIT SOLUTIONS, INC., for the following:

16. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

17. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k* , and

18. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: August 15, 2011

By:/s/Michael Agruss,
Michael Agruss Esq.
CA SBN: 259567
Attorney for Plaintiff
Krohn & Moss, Ltd.
10 N. Dearborn St.
3rd Floor
Chicago, IL 60602
Tel: 323-988-2400 x235
Fax: (866) 620-2956
Email:magruss@consumerlawcenter.com

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, DONAL TITSWORTH and GREGORY BLACKFORD, demand a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, DONALD TITSWORTH, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DONALD TITSWORTH, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_8-11-2011_
Date

_[signature]_
DONALD TITSWORTH

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

    Plaintiff, GREGORY BLACKFORD, states the following:

8. I am the Plaintiff in this civil proceeding.
9. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
12. I have filed this Complaint in good faith and solely for the purposes set forth in it.
13. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
14. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, GREGORY BLACKFORD, hereby declare (or certify,
verify or state) under penalty of perjury that the foregoing is true and correct.

_8-11-11_
Date

_Gregory Blackford_
GREGORY BLACKFORD